UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV-25-09424-AGR                                                Date: December 15, 2025

Title   Celestial Garrett v. Costco Wholesale Corp.

Present: The Honorable:   Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings: (In Chambers) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. No. 9)**

On October 2, 2025, Defendant Costco Wholesale Corp. ("Costco") removed this action from Superior Court on the basis of diversity of citizenship. (Dkt. No. 1.)

Plaintiff filed a motion to remand this action to Superior Court. (Dkt. No. 9.) Costco filed an opposition. (Dkt. No. 10.) Plaintiff filed a reply. (Dkt. No. 11.) The motion is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiff contends that Costco's notice of removal was untimely under 28 U.S.C. § 1446(c)(1), which provides: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiff does not dispute that complete diversity of citizenship exists, the amount in controversy is satisfied, and Costco filed the Notice of Removal within 30 days after dismissal of the non-diverse defendant, Mr. Moreno.

Although the statute does not define the term "bad faith," the statute contains one example: "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-25-09424-AGR                                                          Date: December 15, 2025

Title    Celestial Garrett v. Costco Wholesale Corp.

    As Costco concedes, the removing defendant "'bears the burden of demonstrating that the plaintiff has acted in bad faith, particularly given the strong presumption against removal.'"  *Herrington v. Nature Conservancy*, 2021 U.S. Dist. LEXIS 46974, *7 (C.D. Cal. Mar. 11, 2021) (citation omitted).  Costco contends that Moreno was a sham defendant named to prevent removal, and Plaintiff deliberately delayed filing the dismissal until one year had passed after commencement of the action.

    Although the Ninth Circuit has not established a legal standard for the bad faith exception, the *Herrington* court noted that district courts in this circuit consider "two different but overlapping sets of factors to determine whether a plaintiff acted in bad faith to prevent removal."  *Id.* at *8.  This court considers both tests.

    1.  *Aguayo* Standard

    Under the *Aguayo* standard, courts first consider "whether 'the plaintiff actively litigated against the removal spoiler in state court,' *i.e.*, whether the plaintiff engaged in activity such as 'asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera.'"  *Id.* (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1262 (D.N.M. 2014)).  For this first prong, "[f]ailure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith.'"  *Id.* (citation omitted).  "Second, the defendant may attempt to rebut this presumption by introducing evidence already in the defendant's possession to establish that, 'despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court.'"  *Id.* (citation omitted).

    Assuming Plaintiff is entitled to a presumption of good faith under the first prong of the *Aguayo* standard, Defendant has rebutted the presumption with evidence that the parties actually agreed to dismiss Mr. Moreno *before* the one-year mark but Plaintiff filed the form Request for Dismissal *after* the one-year period had passed.

    The underlying action was commenced in state court on August 28, 2024 in Superior Court of California, County of Los Angeles Case No. 24VECV04129.  (Exh. 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-25-09424-AGR                                                     Date: December 15, 2025

Title   Celestial Garrett v. Costco Wholesale Corp.

to Green Decl.)  The complaint initially named two defendants, Costco and Rafael Moreno, both of whom were served with the complaint. (Green Decl. ¶¶ 5-6.)

On December 31, 2024 and February 25, 2025, defense counsel requested dismissal of Moreno on the grounds that there was no factual or legal basis for naming him individually as a defendant. (Gobel Decl.¶¶ 3-4 & Exhs. A-B.)  After taking Plaintiff's deposition, defense counsel again requested dismissal of Moreno on May 29, 2025. (Gobel Decl. ¶ 5 & Exh. D.)  Defense counsel served Plaintiff's counsel with Costco's motion for sanctions under Cal. Civ. Proc. Code § 128.7 on July 2, 2025, which started the 21-day safe harbor period. (Green Decl. ¶ 19; Gobel Decl. ¶ 6 & Exh. E; Cal. Civ. Proc. Code § 128.7(c)(1).)  Defendant pointed out that Mr. Moreno was merely working in the meat department at the time of the incident and his sole involvement, according to Plaintiff's deposition testimony, was that she reported the incident to him. (*See* Exh. D to Gobel Decl.)

In response, Plaintiff does not explain any basis for a belief that Mr. Moreno was the manager or otherwise had liability for the incident.  On July 22, 2025, Plaintiff's counsel agreed to dismiss Moreno with prejudice in exchange for a waiver of costs. (Green Decl. ¶ 20 & Exh. 14.)  On August 7, 2025, Costco agreed and requested a signed dismissal. (Exh. E to Gobel Decl., Dkt. No. 10-1 at 17.)  The parties, therefore, agreed to dismissal of Mr. Moreno within the one-year period and all that was left was for Plaintiff to file the form Request for Dismissal.[1]

According to the file stamped Request for Dismissal, the form was filed on September 10, 2025. (Green Decl. ¶ 23 & Exh. 17.)  The September 10 date was after the one-year period had passed on August 28, 2025.  To rebut the inference of a filing deliberately timed to prevent removal, Plaintiff's counsel states that they "had been in

---

[1] Plaintiff cites *Theno v. Abbott Labs.*, 2025 U.S. Dist. LEXIS 115849 (C.D. Cal. June 17, 2025).  The court in that case, faced with a third notice of removal during a period of almost five years, declined to rely on Defendant's motion for sanctions in state court as evidence of bad faith because "the motion was not ruled upon and suggests nothing other than a repeat of Defendants' choice of tactics in the litigation of the case thus far." *Id.* at *5.  The court in Theno had previously found that the second notice of removal was a "bad faith delaying tactic." *Id.* at *5 n.3.  By contrast, in this case the court does not rely on the existence of the motion for sanctions as evidence of bad faith and no one has argued that Defendants' first notice of removal has derailed the litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV-25-09424-AGR | Date: December 15, 2025 |
| Title      Celestial Garrett v. Costco Wholesale Corp. | |

trial." (Green Decl. ¶ 22.)  Plaintiff counsel's statement is conclusory and does not provide a satisfactory explanation to this court.  Counsel does not provide the dates of the trial or otherwise show that it encompassed any significant portion of the three-week period, August 7-28.  Moreover, Plaintiff does not explain why the trial would delay the filing of a Request for Dismissal on a check-the-box form.  (Exh. 17 to Green Decl.); *Heller v. Am. States Ins. Co.*, 2016 U.S. Dist. LEXIS 39645, *4-*5 (C.D. Cal. Mar. 25, 2016) (noting request for dismissal is effective upon filing under California law).

   **2.** *Heacock* Standard

Under the *Heacock* factors, the court considers "(1) the timing of naming a non-diverse defendant; (2) the timing of dismissal; and (3) the explanation given for that dismissal."  *Herrington*, 2021 U.S. Dist. LEXIS 46974, at *17; *Heacock v. Rolling Frito-Lay Sales, LP*, 2016 U.S. Dist. LEXIS 98227, *8 (W.D. Wash. July 27, 2016).

Plaintiff named Mr. Moreno from the inception of the action.  On the other hand, the parties agreed to the dismissal of Mr. Moreno prior to the one-year mark but Plaintiff filed the dismissal after the one-year period.  To rebut the strong inference of a deliberately timed filing to prevent removal, Plaintiff provided only a conclusory and incomplete explanation to this court for the delay.

For these reasons, the court concludes that Defendant has satisfied its burden even in the face of a strong presumption against removal.  IT IS ORDERED that Plaintiff's motion to remand is DENIED.

**Initials of Preparer**   kl